INHABITANTS OF MADISON, petitioners, *vs.* ROBERT D. GRAY.

Somerset.   Opinion May 25, 1881.

*Bastardy Process.   Petition by the town for execution to issue and bond to be given.*

In March, 1874, the respondent in a bastardy process was adjudged to be the father of the child and ordered to pay the mother seventy-five cents a week for its support.   In September, 1878, the town where such child had a legal settlement applied to the court, praying that an execution might issue for the amount due under the order.   *Held*, that an execution cannot issue in such a case.

A petition by the inhabitants of a town in which an illegitimate child has a legal settlement, that the adjudged father be required to give a bond to the mother and to the town, and averring that no such bonds were given at the time of the rendition of the judgment, is addressed to the discretion of the court, and exceptions do not lie to a denial of the petition.

EXCEPTIONS.

The opinion states the case.

*Walton and Walton*, for the plaintiffs.

An execution should issue.   This petition is presented by the town instead of the mother as it is not a formal proceeding, but in the nature of that in *French* v. *French*, 4 Mass. 587, note; *Slade* v. *Slade*, 106 Mass. 499.

Upon like orders and decrees in divorce matters, executions properly issue.   Same cases; and *Orrok* v. *Orrok*, 1 Mass. 341.

Or, an action of debt may be maintained. *Howard* v. *Howard,* 15 Mass. 196; *Prescott* v. *Prescott,* 62 Maine, 429.

The remedy by commitment provided by statute is for not giving bond. *Woodcock* v. *Walker,* 14 Mass. 386; *McLaughlin* v. *Whitten,* 32 Maine, 22; R. S., c. 97 § 7; compare R. S., c. 60, § 6; *Russell* v. *Russell,* 69 Maine, 339.

Does not the decree "till the further order of the court" amount to the same as though the matter had been kept along on the docket, that is, as completely in the hands of the court, so that execution could issue and bonds be required at any time after notice and hearing. *Mariner* v. *Dyer,* 2 Maine, 165; *Dwelly* v. *Dwelly,* 46 Maine, 377.

*A. H. Ware,* for the defendant, cited: *Calais* v. *Bradford,* 51 Maine, 414: Howe's Practice, 72; *Woodcock* v. *Walker,* 14 Mass. 386; 116 Mass. 360; *McLaughlin* v. *Whitten,* 32 Maine, 21; *Wallsworth* v. *Mead,* 9 Johns. 367; *Sweet* v. *Clinton,* 3 Johns. 26; R. S., c. 97, § 10; *Young* v. *Makepeace,* 103 Mass. 57; *Taylor* v. *Hughes,* 3 Greenl. 433; *Corson* v. *Tuttle,* 19 Maine, 409.

WALTON, J. At a term of the Supreme Judicial Court held at Skowhegan, in March, 1874, the respondent, Robert D. Gray, was adjudged the father of an illegitimate child, and ordered to pay the mother seventy-five cents a week for its future support. In September, 1878 (more than four years after rendition of the judgment), the town of Madison applied to the court praying that an execution might issue for the amount due under the order; and also praying that the respondent be required to give a bond to the complainant, and also to the town of Madison, to secure the performance of the order in the future, averring that no such bonds were given at the time of the rendition of the judgment. At the hearing at *nisi prius* the presiding judge denied the prayer of the petitioners; and, to this denial, the petitioners filed exceptions; and the question now before the law court is whether the exceptions shall be sustained or overruled. We think the exceptions must be overruled. An execution cannot issue in such a case. The court cannot know without proof that there is any

thing due under the order. The remedy provided by the bastardy act is an action of debt. If judgment is recovered in such actions then an execution may issue for the amount found to be due, and not before. The ruling upon this branch of the case was therefore correct. And upon the other branch of the case no error is apparent. The exceptions state no more than that the prayer of the petitioners was denied. Upon what ground the denial was based is not stated. It is clear, therefore, that the exception to this ruling cannot be sustained unless the town of Madison had a legal right, under all circumstances, not inconsistent with those stated in the record, to have the order prayed for made. We think they had no such right. Many good and sufficient reasons, not inconsistent with the record, may have existed and operated upon the mind of the judge to induce him to refuse to make the order prayed for. The petition was at most but an application to the discretionary power of the court, and to the exercise of such a power exceptions do not lie.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.